UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEON E. MORRIS,<br><br>   Plaintiff,<br><br> v.<br><br>DR. NANGALAMA, et al.,<br><br>   Defendants. | No. 2:19-cv-1316-EFB P<br><br>ORDER AND FINDINGS AND <u>RECOMMENDATIONS</u> |

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, seeks leave to proceed in forma pauperis. ECF No. 2. As explained below, plaintiff is not eligible to proceed in forma pauperis, and for this reason, his application must be denied.

A prisoner may not proceed in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Court records reflect that plaintiff has been designated a three-strikes litigant for purposes of § 1915(g). *See Morris v. Green*, No. 16-17356, 2017 U.S. App. LEXIS 26497 (9th Cir. Dec. 21, 2017).

/////

1

| | |
|---|---|
| 1 | The section 1915(g) exception applies only if the complaint makes a plausible allegation |
| 2 | that the prisoner faced "imminent danger of serious physical injury" at the time of filing. 28 |
| 3 | U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). Plaintiff's |
| 4 | complaint makes no such showing. *See* ECF No. 1. In fact, plaintiff previously filed the identical |
| 5 | complaint in an earlier action and was informed of the same. *See Morris v. Nangalama*, No. |
| 6 | 1:19-cv-0205-LJO-SKO (E.D. Cal.), ECF No. 1 (plaintiff's February 13, 3019 complaint) and |
| 7 | ECF No. 3 (court's February 15, 2019 findings and recommendations to deny plaintiff's |
| 8 | application for leave to proceed in forma pauperis pursuant to § 1915(g)). Plaintiff's application |
| 9 | for leave to proceed in forma pauperis must therefore be denied pursuant to § 1915(g). |
| 10 | Typically, the court would afford plaintiff the opportunity to pay the filing fee and |
| 11 | proceed with his claims. In this case, however, plaintiff has filed a complaint duplicative of one |
| 12 | that was previously dismissed with prejudice as barred by the statute of limitations. *See Morris v.* |
| 13 | *Nangalama*, No. 1:19-cv-0205-LJO-SKO (E.D. Cal.), ECF No. 3 (February 15, 2019 findings and |
| 14 | recommendations to dismiss action with prejudice as barred by the statute of limitations), ECF |
| 15 | No. 4 (April 17, 2019 order adopting findings and recommendations). As a result, this |
| 16 | duplicative case must be dismissed for the same reason. |
| 17 | Accordingly, IT IS ORDERED that the Clerk of the Court shall randomly assign a United |
| 18 | States District Judge to this action. |
| 19 | Further, IT IS RECOMMENDED that: |
| 20 | 1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) be denied; and |
| 21 | 2. This action be dismissed as duplicative. |
| 22 | These findings and recommendations are submitted to the United States District Judge |
| 23 | assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days |
| 24 | after being served with these findings and recommendations, any party may file written |
| 25 | objections with the court and serve a copy on all parties. Such a document should be captioned |
| 26 | "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections |
| 27 | ///// |
| 28 | ///// |

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 9, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE